**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHONG SHIN CHEN,
                    *Petitioner,*

v.

ALBERTO R. GONZALES,* Attorney
General,
                    *Respondent.*

No. 02-73473

Agency No.
A29-554-882

ORDER

Filed June 10, 2005

Before: J. Clifford Wallace, Alex Kozinski, and
Sidney R. Thomas, Circuit Judges.

Order;
Dissent by Judge Bea

---

## ORDER

Judges Kozinski and Thomas have voted to deny the petition for rehearing. Judge Wallace has voted to grant the petition for rehearing. A judge of the Court *sua sponte* requested a vote on whether to rehear the case en banc. A vote was taken on the request, and it failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. Fed. R. App. P. 35.

The petition for panel rehearing is **DENIED.**

---

*Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

BEA, joined by O'SCANNLAIN and KLEINFELD, Circuit Judges, dissenting from denial of rehearing en banc:

In this case, the Panel Majority concludes that this court has jurisdiction to review the BIA's decision to streamline pursuant to 8 C.F.R. § 3.1(a)(7)(ii)(A)-(B)(2002), *recodified at* 8 C.F.R. § 1003.1(a)(7)(ii)(A)-(B) (2003).[1] In my view, the Panel Majority errs in three respects. Accordingly, I respectfully dissent from our court's order denying rehearing en banc for the following reasons:

*First*, the Panel Majority's decision does not state a standard of review by which this court may (or may not) determine when the BIA action of affirmance-by-one judge is or is not permissible. This omission probably occurred because, as yet, no principled basis for the Panel Majority's actions has been articulated.

*Second*, the ground stated by the Panel Majority for what is a "substantial" question under the regulation, 8 C.F.R. § 1003.1(a)(7)(ii)(B), is simply that the decision will affect many people. *Chen* v. *Ashcroft*, 378 F.3d 1081, 1086-87 (9th Cir. 2004) (noting that "[r]esolution of the legal and factual issues raised by Chen affects every People's Republic of China national who entered the United States illegally but was then granted deferred enforced departure status by Executive Order 12,711, a sweeping Order that applied to every People's Republic of China national who was in the United States at the time."). But so would a decision that entrants be required to sign visa applications or customs declarations. The basis of a decision may be such clear law that the BIA decides it is not qualitatively "substantial" in the sense that resources (3 BIA members) should not be dedicated to its determination. Which is what happened here: the decision that delay in departure pursuant to the Chinese Student Protection Act is not the "functional equivalent of parole" for purposes of

---

[1]*Now codified at* 8 C.F.R. § 1003.1(e)(4)(i)(A)-(B) (2004).

excusing illegal entrants from INA § 245(a) is so clear as to be qualitatively insubstantial, although quantitatively, it may affect many persons.

*Third*, *Falcon Carriche*'s *dicta* regarding the possible case where this court would have jurisdiction to review agency determination to streamline[2] deals *only* with subclause "(A)" of cited CFR section, *not* subclause "(B)."[3] That is, it is a non-discretionary act of the BIA to determine whether there is "Board or federal court precedent and does not involve the application of precedent to a novel fact situation." *See* 8 C.F.R. § 1003.1(a)(7)(ii)(A). But that has nothing to do with the decision making process of subclause "(B)," *i.e.*, "whether the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted." *See* 8 C.F.R. § 1003.1(a)(7)(ii)(B). Subclause "(B)" involves an agency determination of how to spend its resources. It constitutes a "fourth prong" of the BIA regulations. If the BIA is to

---

[2]*See Falcon Carriche* v. *Ashcroft*, 350 F.3d 845, 854 (9th Cir. 2003):

> Although we conclude that we do not have jurisdiction to review the streamlining decision here . . . we . . . express no opinion on *whether, although rare, a truly novel case could arise for which a decision to streamline could be found erroneous as a matter of law under the third prong of the BIA regulations. See* 8 C.F.R. § 1003.1(a)(7)(ii)(A).

*Falcon Carriche*, 350 F.3d at 854 (emphasis added).

[3]I respectfully disagree with Judge Wallace's generous concession that *Falcon Carriche*'s reference to the "third prong" of the regulations includes *both* subclauses (A) and (B). *See Chen*, 378 F.3d at 1090 (Wallace, J., dissenting). Rather, as I read *Falcon Carriche*, the "third prong" refers *only* to subclause (A) of 8 C.F.R. § 1003.1(a)(7)(ii). Indeed, the citation to 8 C.F.R. § 1003.1(a)(7)(ii)(A) after the disputed sentence in *Falcon Carriche* (*see* fn. 2, *supra*) supports such a limited reading. In my view, the "first prong" of 8 C.F.R. § 1003.1(a)(7)(ii) is (1) "that the result reached in the decision under review was correct"; the "second prong" is (2) "that any errors in the decision under review were harmless or nonmaterial; and the "third prong" is (3) that "[t]he issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel factual situation."

be second-guessed as to how it spends its resources, it should be done, if at all, on the basis of "abuse of discretion." There is nothing in the *Chen* panel majority decision to show that any such consideration took place.

For these reasons and those stated by Judge Wallace in his eloquent dissent from the Panel's opinion, I respectfully dissent from the denial of rehearing en banc.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.